Beverly MERCIL, Trustee for the Heirs and Next–of–Kin of Cindy Lou Stuempert, Deceased, Appellant,

v.

John E. MATHERS, M.D., et al., Tracy A. Powell, M.D., St. Luke's Hospital of Duluth, Respondents.

No. C3–93–140.

Supreme Court of Minnesota.

May 12, 1994.

Rehearing Denied June 28, 1994.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petitions for further review of the decision of the court of appeals filed January 4, 1994 be, and the same are, granted for the limited purpose of reversing that decision and reinstating the pretrial summary judgment of dismissal of the plaintiff Beverly Mercil's complaint against defendants St. Luke's Hospital of Duluth and Tracy A. Powell, M.D., et al. and the judgment entered pursuant to a jury verdict in favor of defendants John E. Mathers, et al.

By the Court:
/s/ Alan C. Page
Associate Justice

*MEMORANDUM*

The majority of the split court of appeals' panel concluded that because the trial court dismissed certain party defendants at the pretrial stage of this medical malpractice action, the plaintiff was prejudiced in her ability to effectively present her theory of the case, *i.e.*, if the patient exhibited certain symptoms of distress requiring the attendance of her physicians, the nurses had a duty to communicate that urgency "in a way that made the doctors understand." In the majority's view, the jury should have been given the opportunity to determine if, under the applicable standard of care, there were negligent communications between the hospital and its staff and the medical doctors.

Predicate to that view, as recognized by the dissent, is the imposition on the nurses of a legal duty "to insist or even order the doctors to conduct an 'on hands' examination of the patient." Not only do we decline to identify or impose such a duty, but this record contains no persuasive evidence of communication failure among the medical personnel and, in fact, one treating physician did attend the patient during the period of her distress. Under these circumstances, we are persuaded that the dissenting opinion correctly characterizes the record and the policy and procedural bases for allowing the judgments to stand.